FILED

11 AUG -9  PM 3: 35

SOUTHERN DISTRICT
OF INDIANA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

Linda Harris,                                          )
                                                       )
     Plaintiff,                                       )
                                                       )
v.                                                     )   No.
                                                       )
Equable Ascent Financial, LLC, a                       )
Delaware limited liability company,                    )  **1 :11 -cv- 1081 SEB -MJD**
and Central Credit Services, Inc., a                   )
Florida corporation,                                   )
                                                       )
     Defendants.                                      )   Jury Demanded

## COMPLAINT

Plaintiff, Linda Harris, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here, and, c) Defendants reside and transact business here.

## PARTIES

3.    Plaintiff, Linda Harris ("Harris"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt owed for a WaMu/Chase credit card.

4.      Defendant, Equable Ascent Financial, LLC ("Equable"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its offices in Buffalo Grove, Illinois, Equable operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant Equable was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Central Credit Services, Inc. ("CCS"), is a Florida corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  CCS operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant CCS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant Equable is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like CCS.

7.      Defendants Equable and CCS are each authorized to conduct business in Indiana and maintain registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A.  In fact, both Equable and CCS conduct business in

Indiana.

8.      Moreover, Defendants Equable and CCS are each licensed as collection

agencies in Indiana, see, records from the Indiana Secretary of State, attached as

Group Exhibit B.  In fact, Equable and CCS both act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9.      Ms. Harris fell behind on paying her bills, including a consumer debt she

owed for a WaMu/Chase credit card.  At some point in time after that debt became

delinquent, it was bought by Defendant Equable, who then hired another debt collector,

Defendant CCS, to demand payment of the debt from Mr. Harris.

10.     Accordingly on or about July 15, 2011, Defendants began calling Ms.

Harris at her work to demand payment of the WaMu/Chase debt.  Moreover, the

Defendants also sent her an initial form collection letter, dated July 15, 2011.  A copy of

this letter is attached as Exhibit C.

11.     On or about July 21, 2011, Defendants then sent Ms. Harris a second

collection letter, which purported to "confirm" an agreement to settle the WaMu/Chase

debt.  Ms. Harris made no such agreement with the Defendants.  A copy of this letter is

attached as Exhibit D.

12.     The phone calls from Defendants occurred two and three times a day on

multiple days.  During these calls, Ms. Harris repeatedly informed Defendants that she

was at work and could not receive such calls at work.

13.     Defendants' barrage of phone calls culminated in them calling her

employer on or about August 2, 2011, and demanding to speak with the human

resources department to "confirm" her employment -- at the very job at which they had

3

repeatedly called her in the past.

14.     All of Defendants' collection actions complained of herein occurred within

one year of the date of this Complaint.

15.     Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership,

27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(a) Of The FDCPA --
## Calling At Inconvenient Times And/Or Calling Consumer At Work

16.     Plaintiff adopts and realleges ¶¶ 1-15.

17.     Section 1692c(a)(1) and (3) of the FDCPA prohibits a debt collector from

communicating with a consumer at any time or place known to be inconvenient, or at

the consumer's place of employment, if the debt collector knows that such calls are not

permitted.  See, 15 U.S.C. § 1692c(a)(10 and (2).

18.     Ms. Harris repeatedly told Defendants' debt collectors that their barrage of

calls to her job were inconvenient and/or barred by her employer.  By continuing to

attempt to communicate with Ms. Harris at work, Defendants violated § 1692c(c) of the

FDCPA.

19.     Defendants' violations of § 1692c(a) of the FDCPA render them liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §

1692k.

## COUNT II
## Violation Of § 1692d Of The FDCPA –
## Harassment And Abuse Through Numerous
## Improper Telephone Calls

20.     Plaintiff adopts and realleges ¶¶ 1-15.

4

21.     Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see 15 U.S.C. § 1692d.

22.     Defendants, by continually calling Ms. Harris at work and calling her employer to "confirm" her employment -- after being told to cease communications at her job, engaged in conduct, the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

23.     Defendants' violations of § 1692d of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

24.     Plaintiff adopts and realleges ¶¶ 1-15.

25.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

26.     Defendants, by continually calling Ms. Harris at work several times a day for several days – even after being told to cease communications at work – and calling her employer to "confirm" her employment, when Defendants already knew where she was employed, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27.     Defendants' violations of § 1692f of the FDCPA render them liable for

actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. §

1692k.

## COUNT IV
## Violation Of § 1692c(b) Of The FDCPA --
## Calling The Consumer's Employer

28.    Plaintiff adopts and realleges ¶¶ 1-15.

29.    Section 1692c(b) of the FDCPA prohibits a debt collector, with certain

limited exceptions, none of which are applicable here, from communicating with anyone

other than the consumer in connection with collection of the debt. <u>See</u>, 15 U.S.C. §

1692c(b).

30.    Here, Defendants' debt collectors called Ms. Harris' employer to "confirm"

that she worked at the place at which they had already barraged Ms. Harris with phone

calls, thus improperly communicating with someone other than Ms. Harris in connection

with the collection of a debt, in violation of § 1692c(b) of the FDCPA.

31.    Defendants' violation of § 1692c(b) of the FDCPA renders them liable for

actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. §

1692k.

## COUNT V
## Violation Of § 1692e Of The FDCPA --
## Making False Statements

32.    Plaintiff adopts and realleges ¶¶ 1-15.

33.    Section 1692e of the FDCPA prohibits a debt collector from using any

false, deceptive or misleading representations or means in connection with collection of

any debt. <u>See</u>, 15 U.S.C. § 1692e.

34.    Here, Defendants sent Ms. Harris a collection letter, purporting to

"confirm" an agreement to settle the debt (Exhibit D), when, in fact, Ms. Harris had

reached no such agreement with the Defendant.  Defendants' false statement was thus

a violation of § 1692e of the FDCPA.

35.     Defendants' violation of § 1692e of the FDCPA renders them liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §

1692k.

## PRAYER FOR RELIEF

Plaintiff, Linda Harris, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Harris, and against Defendants, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Linda Harris, demands trial by jury.

Linda Harris,
By:
One of Plaintiff's Attorneys

Dated:  August 9, 2011

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

7

Steven J. Halbert     (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com